UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ANTOINETTE LYNEM                                                                                   PLAINTIFF

v.                                                                        CIVIL ACTION NO: 3:07-CV-P85-H

WILEEN BARNETT et al.                                                                           DEFENDANTS

## MEMORANDUM OPINION

Plaintiff, Antoinette Lynem, has filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff is currently incarcerated at Otter Creek Correctional Center. At the time pertinent to the allegations in the complaint, Plaintiff was housed at the Kentucky Correctional Institute of Kentucky (KCIW). Plaintiff alleges that on February 14, 2006, she was walking to her living area when W. Barnett, a correctional officer at KCIW, closed the gate on her, injuring her right arm. She alleges that Officer Barnett has been observed by Plaintiff and others acting childishly and irresponsibly in operating the gate. Plaintiff states that she feels that Officer Barnett's behavior and disregard of the situation and Plaintiff's resulting medical issues were in violation of her Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff also alleges that Doris Deuth, former warden of KCIW, and Commissioner John Rees failed to resolve the matter satisfactorily. Plaintiff attaches to her complaint copies of grievances and medical records relating to her right arm being caught in the gate.

She names as defendants Officer Barnett, Warden Deuth, and Commissioner Rees. As

relief, Plaintiff requests monetary damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1) and (2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, ___, 127 S. Ct. 1955, 1974 (2007).

Plaintiff sues Officer Barnett and Warden Deuth in their official capacities.  Plaintiff does not indicate in which capacity she sues Commissioner Rees.  Because Plaintiff references Commissioner Rees in the context of his official position, the claim will be construed as brought against Commissioner Rees in his official capacity.  *See Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001) (en banc) (where § 1983 plaintiff fails to affirmatively plead capacity in the complaint, the Court looks to the course of proceedings to determine whether the Sixth Circuit's concern about notice to the defendant has been satisfied).

Because she sues the defendants, employees of KCIW and the state Department of

Corrections, in their official capacities, the claims brought against them are deemed claims against the Commonwealth of Kentucky itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). To state a § 1983 claim, a plaintiff must allege that a "person" acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law. *See* § 1983. States, state agencies, and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, because the plaintiff seeks money damages from these state officers in their official capacities, she failed to allege cognizable claims under § 1983. Moreover, the defendants are immune from monetary damages under the Eleventh Amendment. *See id.*

Because Plaintiff failed to state a claim upon which relief could be granted and because she seeks monetary relief from defendants who are immune from such relief, the Court will dismiss these claims pursuant to §§ 1915A(b)(1) and (b)(2). The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        Attorney General
4412.009